UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYAD ZALMOUT and SANDY ZALMOUT,

    Plaintiffs,

v.                                                        Case No. 07-12575
                                                        Honorable Patrick J. Duggan

EMILIO T. GONZALEZ, Director, United
States Citizenship and Immigration Services,
et al.,

    Defendants.
_____/

## OPINION

Plaintiffs initiated this action on June 15, 2007, seeking to expedite Defendants' adjudication of the Petition for Alien Relative (Form I-130) that Plaintiff Sandy Zalmout, an American citizen, filed on behalf of her husband, Iyad Zalmout, and Mr. Zalmout's application to register as a permanent resident or to adjust his status (Form I-485) ("Application to Adjust Status").[1] Defendants are Emilio Gonzalez in his capacity as Director of the United States Citizenship and Immigration Services ("CIS"), Michael Chertoff in his capacity as Secretary of the Department of Homeland Security, Sandra Heathman in her capacity as Acting District Director of the Department of Homeland Security's Detroit Field Office, and Robert Mueller in his capacity as director of the

---

[1] Since Plaintiffs filed this action, they have learned that Defendants approved Mrs. Zalmout's Petition for Alien Relative (Form I-130) on April 22, 2005. Therefore, as the parties indicate, Mrs. Zalmout's claims against Defendants are moot. (Defs.' Br. in Supp. of Mot. at 1; Pls.' Resp. Br. at 2 n.1.)

Federal Bureau of Investigation ("FBI").

Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted, filed August 21, 2007. Plaintiffs filed a response to the motion on October 11, 2007.[2]

## Factual and Procedural Background

Mr. Zalmout is a native of Syria and a current resident of Dexter, Michigan. On April 28, 2003, Mrs. Zalmout filed a Petition for Alien Relative (Form I-130) on Mr. Zalmout's behalf and Mr. Zalmout filed an Application to Adjust Status (Form I-485). Plaintiffs were interviewed regarding their applications on April 22, 2005, at the CIS Miami District Office. On that date, Mrs. Zalmout's Petition for Alien Relative (I-140) was approved. Plaintiffs thereafter moved to Southeastern Michigan and Mr. Zalmout's case was transferred to the CIS Detroit District Office for completion of processing. As of this date, Mr. Zalmout's Application to Adjust Status (Form I-485) remains pending, awaiting the FBI's completion of a background and security check.

When Mr. Zalmout's Application to Adjust Status had not been processed four years after it was filed, Plaintiffs initiated this action. In their complaint, Plaintiffs seek a Court order requiring Defendants to complete the processing of Mr. Zalmout's application within 30 days. In their response to Defendants' motion, Plaintiffs argue that Defendants' delay in processing Mr. Zalmout's application violates the Immigration and

---

[2]The parties stipulated to an extension of time for Plaintiffs to file their response.

Nationality Act ("INA"), agency regulations, and the Administrative Procedures Act ("APA"). Plaintiffs assert that this Court has subject matter jurisdiction over Mr. Zalmout's claim pursuant to the APA, the Mandamus Act (28 U.S.C. § 1361), the federal-question statute (28 U.S.C. § 1331), and the Declaratory Judgment Act (28 U.S.C. § 2201).

## Applicable Law and Analysis

In their motion to dismiss, Defendants argue that Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, grants the Attorney General of the United States discretionary authority to adjudicate an adjustment of status application.[3] Defendants contend that this discretion extends, not only to the decision whether to grant an alien's application, but also the pace at which a decision is made. From that premise, Defendants argue that neither the federal mandamus statute (28 U.S.C. § 1361) nor the APA grant district courts subject matter jurisdiction to compel Defendants' adjudication of Form I-485 applications. With regard to Plaintiffs' invocation of the Declaratory Judgment Act (28 U.S.C. § 2201) and the federal question statute (28 U.S.C. § 1361), Defendants argue that neither statute provides an independent basis for subject matter jurisdiction.[4]

---

[3] While the statute vests the Attorney General with the authority to adjudicate adjustment of status applications, that authority has been transferred to the Secretary of Homeland Security and the CIS. *See* 6 U.S.C. § 271(b)(5).

[4] Defendants are correct with respect to the Declaratory Judgment Act. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879 (1950). They are

3

The district courts that have ruled on the issue agree that the Declaratory Judgment Act does not provide an avenue of relief for the plaintiffs.[5] The courts that have addressed the issue, however, are divided in their judgment as to whether the courts possess subject matter jurisdiction under the APA and/or federal mandamus statute. At this time, there is no guiding precedent from the Sixth Circuit Court of Appeals, nor has any other Circuit Court of Appeals decided the issue.

A number of district courts reject Defendants' interpretation of the INA and conclude that the statute does not grant the Attorney General discretionary authority to dictate the pace at which adjustment of status applications are processed. *See, e.g., Gershenzon v. Gonzalez*, No. 07-109, 2007 WL 2728535, at *3 (W.D. Pa. Sept. 17, 2007) (cases cited therein at note 6); *Bondarenko v. Chertoff*, No. 07-00002, 2007 WL 2693642, at *5 (W.D.N.Y. Sept. 11, 2007) (cases cited therein); *Liu v. Novak*, No. 07-263, 2007 WL 2460425, at *5 (D.D.C. Aug. 30, 2007) (cases cited therein); *Tang v. Chertoff*, No. 07-203, 2007 WL 2462187, at *2-3 (E.D. Ky. Aug. 29, 2007) (cases cited therein); *Duan*

---

also correct that 28 U.S.C. § 1331 does not provide an independent source for subject matter jurisdiction, as the statute only confers jurisdiction on the district courts in cases "arising under" the Constitution and laws of the United States. Section 1331, however, is the statute that grants district courts subject matter jurisdiction in actions alleging a violation of the APA: "The APA by itself fails to grant a court subject matter jurisdiction to review a challenge to agency action in the federal courts. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). Rather, jurisdiction of APA claims rests on 28 U.S.C. § 1331. *Id.*" (Defs.' Br. in Supp. of Mot. at 11 n. 6.)

[5]*See, e.g., Gershenzon v. Gonzalez*, No. 07-109, 2007 WL 2728535, at *2 n. 2 (W.D. Pa. Sept. 17, 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876 (1950)); *Qui v. Chertoff*, 486 F. Supp. 2d 412, 414 n.1 (D.N.J. 2007).

*v. Zamberry*, No. 06-1351, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007). At the same time, a number of district courts have dismissed claims similar to Plaintiffs' for lack of subject matter jurisdiction, concluding that 8 U.S.C. § 1252 grants the Attorney General discretion over the decision whether to grant an I-485 application *and* the adjustment process itself– including the speed at which applications are adjudicated. *See, e.g., Qui v. Chertoff*, 486 F. Supp. 2d 412, 417-20 (D.N.J. 2007) (cases cited at note 3); *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1354 (S.D. Fla 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696, 699-700 (E.D. Va. 2006); *Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001); *Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D. Mich. 2007)(Friedman, J.); *Tageddine v. United States Citizenship and Immigration Services et al*, No. 07-11315 (E.D. Mich. July 12, 2007)(Zatkoff, J.); *Kiromi v. United States Citizenship and Immigration Services*, No. 07-10446 (E.D. Mich. July 13, 2007)(Cook, J.); *Soldo v. Ridge*, No. 03-73200 (E.D. Mich. Jan. 8, 2004)(Steeh, J.).

As this Court indicated in *Kuchumov v. Chertoff, et al.*, No. 07-12277 (E.D. Mich. Sept. 24, 2007), it agrees with those courts finding that the INA grants the Attorney General discretionary authority to dictate the pace at which adjustment of status applications are processed. Nevertheless, the Court also agrees with those courts concluding that the INA and the implementing regulations impose a duty upon Defendants to adjudicate all properly filed applications. *See, e.g., Cao v. Upchurch*, 496 F. Supp. 2d 569, 575-76 (E.D. Pa. 2007) (citing cases). "The majority of courts have thus

5

concluded that 'CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely.'" *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (quoting *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)). At some point, Defendants' delay in adjudicating an adjustment of status application will suggest that they have abandoned their duty to process the application.

The Court did not believe that the two year delay in *Kuchumov* suggested such abandonment. The Court is inclined to reach a different conclusion in the present matter, however, as the delay is twice as long and Defendants provide no explanation as to why their processing of Mr. Zalmout's application, in particular, suffers from such an unusual delay.[6]

In order to make an informed decision as to whether Defendants' abandonment of Mr. Zalmout's application is the cause of the delay or whether there is a specific and justifiable explanation for the inordinate delay, the Court is scheduling a hearing for:

**November 5, 2007 at 11:30 a.m.**

At such hearing, Defendants shall produce a representative of CIS and/or the FBI to testify or provide information enabling the Court to make an informed decision.

**SO ORDERED.**

---

[6]According to a CIS Fact Sheet, dated April 25, 2006, FBI name checks for eighty percent (80%) of cases are completed within weeks and the remaining twenty percent (20%) are resolved within six months; less than one percent of all cases remain pending longer than six months. (Defs.' Mot. Ex. C.)

_____
DATE: October 24, 20077    PATRICK J. DUGGAN
                           UNITED STATES DISTRICT JUDGE

Copies to:
Marshal E. Hyman, Esq.
AUSA Derri T. Thomas