UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYAD ZALMOUT and SANDY ZALMOUT,

    Plaintiffs,

v.

Case No. 07-12575
Honorable Patrick J. Duggan

EMILIO T. GONZALEZ, Director, United
States Citizenship and Immigration Services,
et al.,

    Defendants.
_____/

# OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 10, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this action, seeking to expedite Defendants' adjudication of the Petition for Alien Relative (Form I-130) that Plaintiff Sandy Zalmout, an American citizen, filed on behalf of her husband, Iyad Zalmout, and Mr. Zalmout's application to register as a permanent resident or to adjust his status (Form I-485) ("Application to Adjust Status"). Mrs. Zalmout's claims relating to the Form I-130 are moot. On August 21, 2007, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. On October 24, 2007, this Court issued an opinion addressing Defendants' arguments and scheduling a hearing for November 5, 2007.

As this Court concluded in its October 24, 2007 opinion, the Immigration and Nationality Act ("INA") grants discretionary authority to the Attorney General to dictate the pace at which adjustment of status applications are processed. (10/24/07 Op. at 4, cases cited therein.) As this Court and other district courts have previously held, district courts therefore lack subject matter to adjudicate claims such as Mr. Zalmout's and to order Defendants to process adjustment of status applications expeditiously or within a specified period of time. *See, e.g., Kuchumov v. Chertoff*, No. 07-12277 (E.D. Mich. Sept. 24, 2007) (cases cited therein). However, this Court also concluded in its October 24, 2007 opinion that the INA and the implementing regulations impose a duty upon the United States Citizenship and Immigration Services ("CIS") to adjudicate all properly filed adjustment of status applications and that at some point CIS' delay in adjudicating an application will suggest that it has abandoned this duty. (10/24/07 Op. at 5-6, cases cited therein.)

In its October 24 opinion, this Court indicated that the four year delay in Defendants' adjudication of Mr. Zalmout's application suggested such abandonment. The Court therefore scheduled a hearing for November 5, 2007, "[i]n order to make an informed decision as to whether Defendants' abandonment of Mr. Zalmout's application is the cause of the delay or whether there is a specific and justifiable explanation for the inordinate delay." (*Id*. at 6.) At that hearing, and at a subsequent hearing held on December 4, 2007, Defendants presented evidence demonstrating that Mr. Zalmout's application in fact has not been abandoned.

According to Michael A. Cannon, Section Chief of the National Name Check Program at the headquarters of the Federal Bureau of Investigation ("FBI"), Mr. Zalmout's name appears to fall within the ten percent of name checks that are identified as possibly being the subject of an FBI record– i.e. in which there are "Hits." (Doc. 15 Ex. 1 at ¶ 41.) Mr. Cannon further explains the FBI's time-consuming task in retrieving and reviewing the files that contain the FBI record related to an applicant, particularly if the record is not maintained electronically and the record must be retrieved from an existing paper record. (*Id.* at ¶ 15.) The FBI's completion of this task has been further delayed by the growth in name checks as a result of its post-9/11 counter terrorism efforts. (*Id.* at ¶ 21.) Mr. Cannon indicates that the name check of Mr. Zalmout has not been abandoned but is pending in the normal course of processing in the dissemination phase of the FBI's name check system. (*Id.* at ¶ 41.) At this phase, the FBI is processing Mr. Zalmout's name check in accordance with its first-in, first served protocol. (*Id.*)

Based on the information submitted by Defendants, the Court finds that they have not abandoned Mr. Zalmout's adjustment of status application. Rather, Defendants demonstrate that they continue to process his application pursuant to a process that can be lengthy in a small percentage of cases where the FBI's name check discloses "Hits." The Court appreciates Plaintiffs' frustration with the lengthy delay and the hardship it is causing Plaintiffs and their family. Nevertheless, where Defendants have not abandoned their duty to adjudicate an adjustment of status application, the Court lacks subject matter jurisdiction to order Defendants to process the application more expeditiously.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

>                                   s/PATRICK J. DUGGAN
>                                   UNITED STATES DISTRICT JUDGE

Copies to:
Marshal E. Hyman, Esq.
AUSA Derri T. Thomas